**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Raynard Lorenzo Payne** | ) | Case # 08-34335-DOT |
| **Leola Owens Payne** | ) | |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |
| **Raynard Payne** | ) | |
| | ) | |
| Plaintiff | ) | APN: 10-03030-DOT |
| | ) | |
| v. | ) | |
| | ) | |
| **Woodfin Heating, Inc.** | ) | |
| **aka Woodfin Oil Co.,** | ) | |
| **dba Marsh Oil Co.** | ) | |
| | ) | |
| Defendant. | ) | |

**<u>AMENDED DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**

COMES NOW the Defendant, Woodfin Heating, Inc. aka Woodfin Oil Co. dba Marsh Oil Co., by counsel, and for his Answer to the Plaintiff's, Raynard Payne, Complaint, respectfully states as follows:

1. Defendant admits the Plaintiff's allegations of Paragraph 1 of the Complaint.

2. Defendant admits the Plaintiff's allegations of Paragraph 2 of the Complaint.

3. Defendant admits the Plaintiff's allegations of Paragraph 3 of the Complaint.

4. Defendant admits the Plaintiff's allegations of Paragraph 4 of the Complaint.

5. Defendant admits the Plaintiff's allegations of Paragraph 5 of the Complaint.

6. Defendant admits the Plaintiff's allegations of Paragraph 6 of the Complaint.

7. Defendant admits the Plaintiff's allegations of Paragraph 7 of the Complaint.

8. Defendant admits the Plaintiff's allegations of Paragraph 8 of the Complaint.

9. Defendant admits the Plaintiff's allegations of Paragraph 9 of the Complaint.

10. Defendant admits the Plaintiff's allegations of Paragraph 10 of the Complaint.

11. Defendant admits the Plaintiff's allegations of Paragraph 11 of the Complaint.

12. Defendant admits the Plaintiff's allegations of Paragraph 12 of the Complaint.

13. Defendant admits the Plaintiff's allegations of Paragraph 13 of the Complaint.

14. Defendant admits the Plaintiff's allegations of Paragraph 14 of the Complaint.

15. Defendant admits the Plaintiff's allegations of Paragraph 15 of the Complaint.

16. Defendant admits the Plaintiff's allegations of Paragraph 16 of the Complaint.

17. Defendant admits the Plaintiff's allegations of Paragraph 17 of the Complaint.

18. Defendant admits the Plaintiff's allegations of Paragraph 18 of the Complaint.

19. Defendant admits the Plaintiff's allegations of Paragraph 19 of the Complaint.

20. Defendant admits the Plaintiff's allegations of Paragraph 20 of the Complaint.

21. Defendant admits in part and denies in part the Plaintiff's allegations of Paragraph 21 of the Complaint. Plaintiff admits that it sent the debt to be collected by Tek Collect, Inc., but denies that this was done with the knowledge that the account was included in Bankruptcy.

22. Defendant is without sufficient information to admit or deny the Plaintiff's allegations in Paragraph 22, but states that the Exhibit referenced to in the paragraph speaks for itself and therefore denies the same.

23. Defendant is without sufficient information to admit or deny the Plaintiff's allegations in Paragraph 23, but states that the Exhibit referenced to in the paragraph speaks for itself and therefore denies the same.

24. Defendant denies the Plaintiff's allegations of paragraph 24 of the Complaint and demands strict proof thereof.

25. Plaintiff has made a statement in Paragraph 25 that does not require an answer. To the extent that paragraph 25 contains any factual allegations, they are denied.

26. Defendant denies the Plaintiff's allegations of Paragraph 26 on the Complaint. Defendant admits that it inadvertently continued to send invoices to the Plaintiff after notice of the Bankruptcy and while the Bankruptcy was still proceeding, but denies that this was done willfully or intentionally in violation of the Automatic Stay.

27. Defendant denies the Plaintiff's allegations in Paragraph 27 of the Complaint.

28. All allegations not expressly admitted herein are hereby denied.

## AFFIRMATIVE DEFENSES

29. Plaintiff is not entitled to any of the relief he seeks.

30. Defendant did not willfully violate the Automatic Stay. The Defendant's employees erroneously sent a bill (Plaintiff's Exhibit "F") to the Plaintiff two months after filing its proof of claim. None of the actions by the employees of the Defendant were done with the intention to violate any Automatic Stay. Defendant's actions were inadvertent.

31. Plaintiff has suffered no actual damages.

32. Defendant's actions do not warrant punitive damages.

33. Plaintiff's filing fees were waived and therefore he is not entitled to costs.

34. Defendant committed at most a mere technical violation of the Automatic Stay and acted in good faith throughout the timeframe in question.

35. Injunctive relief should not be granted as it is a moot point due to the fact that Defendant has ceased any efforts of collection upon the Plaintiff and has informed Tek Collect, Inc. to no longer proceed with collection efforts against the Plaintiff.

WHEREFORE the Defendant, Woodfin Heating, Inc. aka Woodfin oil Co. dba Marsh Oil Co. respectfully requests that this Court DISMISS Plaintiff's Complaint with prejudice and to award such further relief as the court may deem necessary.

Dated: March 12, 2010
                                            Respectfully Submitted,
WOODFIN HEATING, INC
AKA WOODFIN OIL CO.
DBA MARSH OIL CO.,


By: /s/ Alexander Hamilton Ayers
        Counsel

Alexander Hamilton Ayers (VSB 77826)
Charles E. Ayers, Jr. (VSB 13887)
Ayers & Stolte, P.C.
710 N. Hamilton Street, Suite 300
Richmond, VA 23221
(804) 358-4731
(804) 864-0895 (facsimile)
*Counsel for GJS Group, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of March, 2010, I caused a copy of the foregoing to be served by electronic means through the ECF system or by first class mail postage prepaid, to the following and to all other creditors and parties in interest:

William C. Redden, Clerk
United States Bankruptcy Court
701 E. Broad St., Suite 4000
Richmond, VA 23219

Jason Krumbein, Esquire
Krumbein Consumer Legal Services
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
*Counsel for Plaintiff*

        /s/ Alexander Hamilton Ayers
        Counsel